# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERNIE RIZZO, | ) |
|          Plaintiff, | ) |
| v. | ) No. 05 C 4872 |
| COUNTY OF DUPAGE, a political subdivision of the State of Illinois, JOHN ZARUBA, Sheriff of DuPage County, Illinois, JOHN SMITH [Badge # 875] and TOM HOFFMAN [Badge # 370] of DuPage Sheriff's Deputies, individually and as agents and employees of the DuPage County and JOHN AND JANE DOES not presently known, | ) |
|          Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Defendant County of DuPage's ("DuPage County") motion to dismiss, and Plaintiff Ernie Rizzo's ("Rizzo") request to voluntarily dismiss Counts III and IV and file an amended complaint renaming DuPage County as an indispensable party. For the reasons stated below, we grant DuPage County's motion to dismiss in part and deny it as moot in part. We also

grant Rizzo's request to dismiss Counts III and IV and file an amended complaint naming DuPage County as an indispensable party. Finally, we dismiss *sua sponte* Counts XV and XIX.

## BACKGROUND

Rizzo alleges that he is the director of an investigation agency located in DuPage County, Illinois. Rizzo claims that in August of 1998, Denny Passialis ("Passialis") and Jeanne Niemotka ("Niemotka") moved into the house located immediately adjacent to Rizzo's office. Rizzo claims that after Passialis and Niemotka realized they were living next door to an investigation agency, they started making false police reports against Rizzo to the DuPage Sheriff's Department ("Sheriff's Department"). In these police reports, Passialis and Niemotka allegedly claimed that Rizzo, among other things, made bomb threats, made threatening phone calls, had a security camera on his property, had an electric fence on his property, sent "suspicious mail, and stole eighteen feet of their property line." (A. Compl. Par. 13). Rizzo claims that in response to these "false allegations," the Sheriff's Department harassed Rizzo and his employees when they investigated the complaints. (A. Compl. Par. 15-16).

Rizzo claims that on March 6, 2003, he was falsely arrested in the DuPage County court house for battery after attempting to serve a summons on Passialis. Rizzo alleges that the arresting officers wrongfully allowed Passialis to sign a

criminal complaint against Rizzo. Rizzo claims that he was then arrested, and that the arresting officer knew or should have known that Rizzo was innocent of the accusations against him. Rizzo claims that on November 17, 2003, the battery charges against him were dropped when the DuPage County State's Attorney chose not to prosecute. Rizzo also alleges that on May 1, 2003, Officer Tom Hoffman arrested him on a charge that Rizzo had a security camera at his office that he was using to record the license plates and cars of "'johns' and drug purchases on or about the Passialis' Premises." (A. Compl. Par. 33). Rizzo again claims that the officers knew or should have known him to be "innocent" of the "untrue accusations made and the false charges brought" against him. (A. Compl. Par. 33).

Rizzo claims that, as a result of these incidents, he has suffered damage to his business reputation. Rizzo alleges that this is due to his arrests at the court house and due to the DuPage County Circuit Court Clerk's "practice of notifying attorneys of all criminal complaints that have been signed". (A. Compl. 35). On November 2, 2005, Rizzo filed an amended complaint alleging deprivations of his civil rights under 42 U.S.C. § 1983 ("Section 1983") (Count I), conspiracy to violate his civil rights, under 42 U.S.C. § 1985 ("Section 1985") (Count II), and Section 1983 claims against DuPage County and Sheriff John Zaruba for alleged unconstitutional practices and policies (Counts III and IV). Rizzo also alleges a number of Illinois state law claims in Counts V-XX. DuPage County moves to dismiss the claims

against it on the ground that it cannot be held substantively liable for the actions of the Sheriff's Department.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *Sanjuan v. Am. Bd.*

4

*of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimum notice of claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirement merely "by attaching bare legal conclusions to narrated facts which fail to outline bases of [his] claims." *Perkins v. Silverstein*, 939 F.2d 463, 466-67 (7th Cir. 1991). The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

I. Motion to Dismiss

DuPage County has filed a motion to dismiss all of the counts against it, arguing that as a matter of law, an Illinois county cannot be liable for the practices and policies of a sheriff's department in Illinois. The Seventh Circuit has made it clear that "Illinois sheriffs are independently elected officials not subject to the control of the county" and that accordingly, a county cannot be held liable for actions by county sheriffs. *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995)(citing *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir.1989)); *see also*

*Franklin v. Zaruba*, 150 F.3d 682, 685-86 (7th Cir. 1998). Recognizing this precedent, Rizzo has agreed to voluntarily dismiss Counts III and IV of his amended complaint, in which he alleges claims pursuant to 42 U.S.C. § 1983 against DuPage County. (Resp. 7). Therefore, we dismiss Counts III and IV. The other counts of the amended complaint also all contain allegations against "Defendants" generically, without specifying which of the several named defendants are actually being implicated in each specific count. Accordingly, DuPage County's motion to dismiss is granted to the extent that Counts I, II, and V-XX are seeking to hold DuPage County directly liable or liable under the doctrine of *respondeat superior* for the actions of the county sheriff department. The motion to dismiss is denied as moot as to Counts III and IV.

In Rizzo's response, he also seeks to file an amended complaint naming DuPage as an indispensable party to the instant action. Under Illinois law, a county has an obligation to pay for any judgments entered against a sheriff's department. *See Carver v. Sheriff of LaSalle County*, 787 N.E.2d 127, 138 (Ill. 2003) (citing 745 ILCS 10/9-102, 55 ILCS 5/4-6003, and 55 ILCS 5/5-1106). Accordingly, the Seventh Circuit has stated that "[b]ecause [Illinois] state law requires . . . count[ies] to pay, federal law deems [a county] an indispensable party to" litigation brought against a sheriff's department. *See Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 948 (7th Cir. 2003)(stating also that "in the future counties *must* be named as parties")(emphasis added).

DuPage County argues against being named as an indispensable party to the instant action by stating that "Carver does not impose substantive liability on a county for the actions of its elected officials but instead Illinois law requires counties to merely bear a financial responsibility for judgments obtained against its elected officials." (Rep. 2). However, as discussed above, any substantive claims against DuPage County have been dismissed and naming DuPage County as an indispensable party is related only to the payment of any potential future judgments against the Sheriff's Department. DuPage County also "disputes that a cognizable Section 1983 claim can be brought against the DuPage County Sheriff in his official capacity . . . ." (Rep. 2). DuPage County did not raise this argument in its motion to dismiss, and has only raised it in a very cursory fashion in its reply. Therefore, we grant Rizzo's request to file an amended complaint naming DuPage County as an indispensable party.

## II. Duplicative Claims

Rizzo's amended complaint includes a number of claims that are duplicative of each other. First, the tort of abuse of process (Count XIV) and the tort of misuse of process (Count XV) are the same under Illinois law. *See Commerce Bank, N.A. v. Plotkin,* 255 Ill.App.3d 870, 872 (Ill. App. Ct. 1994)(stating that "[a]n action for abuse of process requires evidence that process has been *misused* or misapplied to accomplish some objective other than the legitimate scope of the process")(emphasis added); *Horstman v. County of DuPage,* 284 F.Supp.2d 1125, 1129 (N.D. Ill. 2003)(stating that "there is no difference between abuse of process and misuse of

process"). Second, the torts of intentional infliction of emotional distress (Count VII) and outrage (Count XIX) are synonymous under Illinois law. *See Rowell v. Voortman Cookies, Ltd.*, 2003 WL 76860, at *3 (N.D. Ill. 2003)(stating that "[i]n Illinois, the tort of outrage is otherwise commonly known as the tort of intentional infliction of emotional distress"). Therefore, we *sua sponte* dismiss Counts XV and XIX for being duplicative.

## CONCLUSION

Based on the foregoing analysis, we grant DuPage County's motion to dismiss in part and deny it as moot in part. We also grant Rizzo's motion to dismiss Counts III and IV and to file an amended complaint naming DuPage County as an indispensable party. Finally, we dismiss *sua sponte* Counts XV and XIX for being duplicative.

                      _____
                      Samuel Der-Yeghiayan
                      United States District Court Judge

Dated: March 1, 2006